216 N.J. Super. 579 (1987)
524 A.2d 821
STATE OF NEW JERSEY, DEPARTMENT OF LAW AND PUBLIC SAFETY, DIVISION OF GAMING ENFORCEMENT, PETITIONER-RESPONDENT,
v.
LAWRENCE MERLINO, RESPONDENT-APPELLANT.
STATE OF NEW JERSEY, DEPARTMENT OF LAW AND PUBLIC SAFETY, DIVISION OF GAMING ENFORCEMENT, PETITIONER-RESPONDENT,
v.
PHILIP LEONETTI, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 17, 1986.
Decided January 15, 1987.
*581 Before Judges PETRELLA, BILDER and SCALERA.
Michael L. Testa argued the cause for appellant, Lawrence Merlino (Basile, Testa and Testa, attorneys, Michael L. Testa, on the brief).
Edwin J. Jacobs, Jr., argued the cause for appellant, Philip Leonetti (Jacobs, Todd and Bruso, attorneys, Howard L. Metz, on the brief).
Gary A. Ehrlich, Deputy Attorney General, argued the cause for respondent, Division of Gaming Enforcement (W. Cary Edwards, Attorney General, attorney, Anthony J. Parillo, Assistant Attorney General, of counsel, Gary A. Ehrlich and Ellen N. Hersh, Deputy Attorney General, on the brief).
Dennis Daly argued the cause for respondent, New Jersey Casino Control Commission (Robert J. Genatt, General Counsel, attorney, Dennis Daly and Carole R. Jacobson, on the brief).
The Opinion of the Court was delivered by SCALERA, J.A.D.
Appellants, Lawrence Merlino and Philip Leonetti appeal from a final order of the Casino Control Commission placing them on a list excluding them from the premises of any licensed gambling casino in the State. We affirm.
*582 In November 1982 the Division of Gaming Enforcement (Division) filed with the Casino Control Commission (Commission) petitions seeking to place appellants, Philip Leonetti and Lawrence Merlino, on the Commission's list of persons to be excluded from admission to licensed casinos. Each petition alleged substantially the same facts, namely, that each was an associate of Nicodemo Scarfo, a known "career offender", and that each was reputed within the law enforcement community to be both a "career criminal offender and an associate of career criminal offenders," thereby making his presence in a licensed casino inimical to the interests of the State of New Jersey and to licensed gaming. The two petitions were consolidated and a hearing was conducted before an Administrative Law Judge (ALJ) in May and August 1983.
In December 1983 the ALJ issued his initial decision in which he ruled that the Division had not sustained its burden of proving that Merlino and Leonetti should be placed on the exclusion list. In reaching his conclusion the ALJ opined that the so-called residuum rule, requiring that hearsay evidence be supported by competent evidence, was applicable to the Commission exclusion proceedings. Further, he declined to draw any adverse inferences from appellants' invocation of the Fifth Amendment privilege against self-incrimination. However, he rejected a complaint that the failure to initiate a hearing within 30 days of a request for a hearing was a jurisdictional bar and also declined to decide their constitutional attacks on the exclusion criteria.
By order issued May 1, 1984, the Commission rejected the ALJ's ruling regarding the residuum rule, the Fifth Amendment and the propriety of the decision that he had jurisdiction to entertain the issue of the constitutional attack on the applicable statute. On May 25, 1984 the Commission issued a written explanatory decision with one of the five commissioners dissenting. The majority opinion remanded the matter to the ALJ for a new hearing with instructions that adherence to the residuum rule was not required, allowing the drawing of adverse inferences *583 from appellants' invocation of the Fifth Amendment, and declining to rule on the constitutional questions.
On remand the only new evidence offered was a recent indictment against Leonetti and a related indictment against former Atlantic City Mayor Michael Matthews. The ALJ issued another decision in January 1985. This time he found that the Division had failed to prove that appellants were career criminals, that they were associates of career criminals, or that Merlino's presence in a casino would be inimical to the State's interest. However, he did find that the Division had proved that Leonetti's presence would satisfy the "inimical" test. He specifically based that conclusion on the September 1984 federal court indictment charging Leonetti "with being a leading associate in an organized crime cartel and with being responsible for the efforts of that cartel to control and influence the government of Atlantic City." (At oral argument we were advised that this indictment has since been dismissed). Accordingly, he recommended that the petition to exclude Merlino be denied but that the petition to exclude Leonetti be granted pending the outcome of his indictment. At its public meeting on August 15, 1985 the Commission voted 3-2 to reject the ALJ's analysis and by final order of September 17, 1985 directed that both Leonetti and Merlino be excluded from casino premises.
On November 18, 1985 the Commission issued a second written decision detailing its reasons for the exclusion order. With regard to the two evidentiary issues, the Commission ruled that it was proper to draw adverse inferences from appellants' invocation of the Fifth Amendment in refusing to answer questions about their criminal associations, and that although the residuum rule was generally applicable to administrative proceedings, it did not apply to proceedings under the Casino Control Act. Addressing the merits of the case, the Commission concluded that the proofs were sufficient to establish the exclusion criteria with respect to both appellants. One commissioner filed a dissenting opinion in which another commissioner *584 joined. Appellants' separate appeals were consolidated by order of this court in March 1986.
Although each appellant has filed a separate brief both raise identical contentions that,
Point I: Any conflict between the "residuum rule" and N.J.S.A. 5:12-107(a)(6) should be resolved in favor of the application of the "residuum rule."
Point II: N.J.S.A. 5:12-71(a)(1) is unconstitutionally vague in violation of the fourteenth amendment to the United States Constitution and the New Jersey Constitution (1947), Article I, Paragraph 1.
Point III: N.J.S.A. 5:12-71(g) and N.J.A.C. 19:42-4.4(c) require the commencement of an exclusion hearing before the Casino Control Commission within 30 days of a receipt of a demand for such hearing.
Point IV: The Casino Control Commission acted beyond the scope of the powers granted under N.J.S.A. 5:12-71 in enacting N.J.A.C. 19:48-1.3(a)(2) which adds the concept that an "associate" of a career or professional offender may be excluded.
Point V: Reliance upon newspaper articles and other publications in exclusionary proceedings is impermissible.
Point VI: The assertion of the Fifth Amendment privilege against self incrimination by Philip Leonetti and Lawrence Merlino can constitute neither a basis for inference nor evidence to satisfy the residuum rule.
Point VII: The term "inimical" as used within the exclusion statute, N.J.S.A. 5:12-71(a) and its regulations should be very strictly construed.
No live witnesses appeared at the hearings before the ALJ except for appellants themselves, who invoked the Fifth Amendment in response to every question regarding their associations and dealings with organized crime figures. The Division's evidence consisted of "extensive hearsay evidence" in the form of documents and portions of transcripts of testimony in another proceeding before the Commission known as, the Local 54 matter. Respondents have candidly conceded that if the residuum rule is determined by us to be applicable to such proceedings before the Commission the evidence produced below would not meet such a requirement and appellants should prevail on this appeal.
With that in mind, we have carefully considered appellants' contentions and the arguments offered in support thereof and affirm the decision of the Commission essentially for the reasons *585 stated in its majority opinions dated May 25, 1984 and November 18, 1985.
We add only the following comments. Appellants' first argument is that the Commission erred in holding that the residuum rule does not apply in exclusion proceedings before the Commission. They point out that the evidence against them was hearsay in character, unsupported by any competent evidence, and thus that the Commission's decision cannot stand, since administrative agency findings grounded in part in hearsay evidence must be supported by a residuum of competent evidence. We do not agree. See Weston v. State, 60 N.J. 36, 51 (1972) (explaining the applicability of the residuum rule in an administrative context); Alter v. Division of Gaming Enforcement, 6 N.J.A.R. 584 (1979), aff'd o.b. by this court on June 24, 1981, A-4106-79. The legislative scheme of the Casino Control Act makes clear that the Commission was not to be restricted by the requirements imposed on other administrative agencies. N.J.S.A. 5:12-107(a)(6).
Appellants seek to overturn N.J.S.A. 5:12-71(a) on the ground that its provisions and definitions are unconstitutionally vague. Suffice it to say that the inimicality test has twice been upheld against a claim of vagueness, albeit in the context of the licensing statute, N.J.S.A. 5:12-86(f). That statute uses the same inimical standard as the exclusion statute, and it defines "career offender" in the same way as does N.J.A.C. 19:48-1.1. We perceive no real distinction between these provisions. See e.g. Matter of Hotel and Restaurant Emp. and Bartend., 203 N.J. Super. 297 (App.Div. 1985), certif. den. 102 N.J. 352 (1985), cert. den. sub. nom. Gerace v. New Jersey Casino Control Commission, ___ U.S. ___, 106 S.Ct. 1467, 89 L.Ed.2d 723 (1986) (referred to by the parties as Local 54); In re Boardwalk Regency Casino License Application, 180 N.J. Super. 324 (App.Div. 1981), aff'd as mod. 90 N.J. 361 (1982), app. dis. sub. nom. Perlman v. Attorney General, 459 U.S. 1081, 103 S.Ct. 562, 74 L.Ed.2d 927 (1982); Hotel and Restaurant Emp., Etc. *586 v. Danzinger, 536 F. Supp. 317 (D.N.J. 1982), rev'd on other grounds 709 F.2d 815 (3rd Cir.1983), vacated on other grounds sub. nom. Brown v. Hotel and Restaurant Employees, 468 U.S. 491, 104 S.Ct. 3179, 82 L.Ed.2d 373 (1984). Generally speaking, a statute is void for vagueness if it is couched in terms so vague that people of ordinary intelligence must guess as to its meaning. State v. Lashinsky, 81 N.J. 1, 17 (1979). "The decisive question for purposes of this vagueness argument is whether the defendant was reasonably apprised, as a matter of common intelligence, in light of ordinary human experience, that his particular conduct was unlawful." Id. at 18.
The question here thus becomes whether a person of ordinary intelligence would understand that persons possessing appellants' characteristics would be deemed "inimical" to the State's interests within the meaning of N.J.S.A. 5:12-71(a) and N.J.A.C. 19:48-1.3(a). Appellants' pasts reflect the very conduct which the Legislature was aiming to avoid when it crafted the exclusion standards. Regardless of whether the language might be vague as applied to someone else, it is not vague as to appellants, whose conduct falls well within the forbidden boundaries. State v. Lee, 96 N.J. 156, 167 (1984).
Appellants further seek to invalidate N.J.A.C. 19:48-1.3(a)2, on the ground that it creates a category of excludable persons  associates of career offenders  which does not appear in the enabling statute, N.J.S.A. 5:12-71(a). They complain that nowhere in N.J.S.A. 5:12-71(a) is there any authorization for the category of "associate" of a career offender, which appears in the implementing regulation, N.J.A.C. 19:48-1.3(a). Invoking the principle that a regulation may not enlarge upon the scope of the power granted by the statute or its underlying policy, see, e.g., In re Barnert Memorial Hospital Rates, 92 N.J. 31, 40 (1983), appellants argue that the regulation is void. However, the plain language of the act serves to undermine appellants' premise that the regulation adds something not *587 allowed by the statute. N.J.S.A. 5:12-71(a) charges the Commission with defining standards of exclusion, which "shall include standards relating to" the three categories of persons listed. The language does not suggest that the list is exclusive. Moreover, in construing statutes, "include" is deemed to be a term of "enlargement and not of limitation," such "that examples specified thereafter are merely illustrative." Jackson v. Concord Company, 54 N.J. 113, 126-127 (1969); Fraser v. Robin Dee Day Camp, 44 N.J. 480, 486 (1965).
Next, appellants complain that the Commission improperly drew adverse inferences from their assertion of the Fifth Amendment privilege against self-incrimination. It is undisputed that appellants were entitled, by reason of their fear of criminal prosecution, to invoke the privilege in this administrative proceeding, see Lefkowitz v. Turley, 414 U.S. 70, 77, 94 S.Ct. 316, 322, 38 L.Ed.2d 274 (1973). Thus, the only issue is whether the Commission was authorized to consider that invocation as evidence weighing against them in this proceeding. It is well settled that in administrative and civil proceedings, it is permissible for the trier of fact to draw adverse inferences from a party's plea of the Fifth Amendment. Baxter v. Palmigiano, 425 U.S. 308, 316-320, 96 S.Ct. 1551, 1557-59, 47 L.Ed.2d 810 (1976); Mahne v. Mahne, 66 N.J. 53, 60 (1974); Bastas v. Bd. of Review Dep't of Labor and Ind., 155 N.J. Super. 312, 315 (App.Div. 1978); Duratron Corp. v. Republic Stuyvesant Corp. et al., 95 N.J. Super. 527, 531 (App.Div. 1967), certif. den. 50 N.J. 404 (1967). But the inference may be drawn only if there is other evidence supporting an adverse finding; it must not alone constitute the evidence of guilt. See Baxter, supra, 425 U.S. at 318, 96 S.Ct. at 1557-58. Also, no inference may be drawn if the penalty imposed at the conclusion of the proceeding is so severe as to effectively destroy the privilege, such as disbarment or the loss of professional reputation. Duratron, supra, 95 N.J. Super. at 532. In this case, of course, the penalty is relatively insubstantial  exclusion from the casinos  and thus would not in itself bar any adverse inferences. More *588 importantly, the Commission did rely on other evidence; appellants' plea of privilege was just one of several items of evidence cited. In any event the Commission's findings suggest that appellants' exercise of the privilege claim was given only slight importance relative to the other evidence. R. 2:10-2.
Affirmed.