**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1306-15T2

COREY J. LOWELL,

    Complainant-Respondent,

v.

GENEVA SMALLWOOD and
ASBURY PARK BOARD OF
EDUCATION, MONMOUTH COUNTY,

    Respondents,

and

FELICIA SIMMONS,

    Respondent-Appellant.

_____

Argued March 27, 2017 — Decided May 22, 2017

Before Judges Sabatino, Nugent, and Currier.

On appeal from the New Jersey Commissioner of
Education, Docket No. 2-4/15A.

Carl N. Tripician argued the cause for
appellant Felicia Simmons.

James M. Esposito, Deputy Attorney General, argued the cause for respondent New Jersey Department of Education (Christopher S. Porrino, Attorney General, attorney; Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Mr. Esposito, on the brief).

PER CURIAM

Appellant Felicia Simmons appeals from the decision of the Commissioner of Education (Commissioner) upholding the determination of the School Ethics Commission (SEC) that she violated certain provisions of the Code of Ethics for School Board Members (Code) and the ensuing penalty of censure.

Appellant and respondent Geneva Smallwood were members of the Asbury Park Board of Education (Board). Another Board member, Corey Lowell, filed a complaint with the SEC, asserting that appellant and Smallwood had violated the Code, N.J.S.A. 18A:12-24.1(a)-(j), in their dealings with a potential candidate for superintendent of their school district. Appellant filed an answer through counsel stating that her "actions were legal and in accordance with [N.J.S.A.] 18A:12-24.1(a)." The answer listed "Defenses" which included the statement: "Respondent[] [was] within [her] lawful right to attend the meetings alleged in the complaint and with full knowledge of the Asbury Park Board of Education."

At the SEC hearing, Lowell was the only witness. She testified that although the Board had appointed a candidate to be its superintendent in November 2013, the State fiscal monitor for the school district overturned the decision after determining the candidate was not qualified. The Board held a closed meeting in February 2014 during which it discussed the possibility of hiring the same candidate as an interim superintendent. The personnel committee[1] was directed to meet with the state monitor to discuss the appointment.

Lowell recalled that the following month, at another closed Board meeting, Smallwood advised that she and appellant had met with representatives of the former employer of the potential candidate to discuss his qualifications for employment. This action was contrary to the instructions of the Board from the prior meeting. Lowell stated that the remaining board members were unaware of this site visit, and she asserted that the unauthorized visit was a violation of the code.

Several documents were admitted into evidence, including emails between Smallwood and the candidate that discussed the arrangement of a meeting. A portion of an email sent from Smallwood to the candidate advised that "a delegation (personnel)

---

[1] Appellant and Smallwood were on the personnel committee.

will be available to meet with your group." Appellant and Smallwood did not testify or present any witnesses at the SEC hearing.

On March 24, 2015, the SEC issued its decision containing extensive findings of fact and concluding that appellant and Smallwood had both violated N.J.S.A. 18A:12-24.1(c) and (e)[2]; a penalty of censure was recommended.

The SEC found Lowell to be "a credible witness who offered consistent testimony which was not weakened by an often contentious cross-examination." The SEC also found that "[t]he Public Session minutes of the March 18, 2014 [Board] meeting clearly show that Complainant Lowell attended the entire meeting," and thus, she had testified from personal knowledge about the meeting. The SEC

---

[2] The relevant portions of the Code provide:

> (c) I will confine my board action to policy making, planning, and appraisal, and I will help to frame policies and plans only after the board has consulted those who will be affected by them.
>
> . . . .
>
> (e) I will recognize that authority rests with the board of education and will make no personal promises nor take any private action that may compromise the board.
>
> [N.J.S.A. 18A:12-24.1 (c) and (e).]

noted that appellant and Smallwood "elected not to testify or call witnesses on their behalf," and therefore, "Complainant Lowell's testimony and documentary evidence are unchallenged and uncontroverted by any competent, credible evidence by either respondent." Thus, the SEC concluded that appellant and Smallwood "conducted the site visit without Board approval in violation of the Code of Ethics for School Board Members."

The SEC held that appellant and Smallwood "took board action beyond the scope of their authority and in violation of [N.J.S.A. 18A:12-24.1(c)] when, without Board authority and without the approval of the State Monitor, they conducted a site visit to assess a candidate for Assistant Superintendent." The SEC further held that appellant and Smallwood "violated [N.J.S.A. 18A:12-24.1(e)] when they made personal promises to the candidate by advancing the possibility of his employment with the District." The Commissioner affirmed the SEC's decision and penalty on October 16, 2015, finding that it was supported by "sufficient credible evidence."

Appellant contends on appeal[3] that there was insufficient evidence for the Commissioner to conclude she violated any provisions of the code, and that the SEC and Commissioner

---

[3] Smallwood did not appeal the Commissioner's decision.

improperly shifted the burden of proof to her to contradict Lowell's testimony. She also asserts that the imposed penalty was disproportionately severe.

Appellate review of administrative agency decisions is limited. A reviewing court generally will not disturb an agency's action unless it was clearly "arbitrary, capricious, or unreasonable." Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (citation omitted). The reviewing court "can intervene only in those rare circumstances in which an agency action is clearly inconsistent with its statutory mission or with other State policy." George Harms Constr. v. Turnpike Auth., 137 N.J. 8, 27 (1994). Judicial review of an agency's factual determination is highly deferential. In re Bridgewater, 95 N.J. 235, 245 (1984). "[I]f substantial credible evidence supports an agency's conclusion, a court may not substitute its own judgment for the agency's even though the court might have reached a different result." Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992) (citations omitted).

Appellant argues that the hearsay evidence relied upon by the Commissioner was not supported by legally competent evidence in the record, and therefore, did not satisfy the "residuum rule" for administrative agency hearings. She also contends that the Commissioner conflated the evidence against Smallwood with the

evidence (or lack thereof) against her.  Appellant maintains that her answer to the complaint is not an admission and does not support the conclusion of the Commissioner that she attended the unauthorized meeting.  Finally, she claims that Lowell was not present during the Board's executive session on March 18, 2014, and therefore, had no personal knowledge of the alleged Board meeting.

In administrative proceedings, parties are not bound by the formalities of the Rules of Evidence.  N.J.A.C. 1:1-15.1.[4]  Thus, "[h]earsay may be employed to corroborate competent proof, or competent proof may be supported or given added probative force by hearsay testimony."  Weston v. State, 60 N.J. 36, 51 (1972).  However, "a fact finding or a legal determination cannot be based upon hearsay alone . . . . [T]here must be a residuum of legal and competent evidence in the record" for a court to uphold an administrative decision.  Ibid. (citations omitted).  The residuum rule, however, "does not require that each fact be based on a residuum of legally competent evidence but rather focuses on the ultimate finding or findings of material fact.  The competent evidence standard applied to ultimate facts requires affirmance if the finding could reasonably be made."  Ruroede v. Borough of

---

[4] N.J.S.A. 18A:12-29(b) provides that a hearing shall be conducted in accordance with the rules of the Office of Administrative Law.

Hasbrouck Heights, 214 N.J. 338, 359-60 (2013) (citations omitted).

Here, the Commissioner's finding that appellant violated N.J.S.A. 18A:12-24.1(c) and (e) is supported by credible evidence in the record.

Subsection (c) of the Code provides: "I will confine my board action to policy making, planning, and appraisal, and I will help to frame policies and plans only after the board has consulted those who will be affected by them." Pursuant to N.J.A.C. 6A:28-6.4(a)(3): "Factual evidence of a violation of N.J.S.A. 18A:12-24.1(c) shall include evidence that the [board member] took board action to effectuate policies and plans without consulting those affected by such policies and plans, or took action that was unrelated to the [board member's] duty."

In addressing the alleged violation of N.J.S.A. 18A:12-24.1(c), the Commissioner found that Lowell's testimony that appellant and Smallwood conducted a site visit without Board approval was supported by Smallwood's email and appellant's answer, "in which both, respectively, admit to attending the site visit."

Appellant argues that her "loosely crafted" and "inartfully drafted" answer should not serve as legally competent evidence to satisfy the residuum rule. We disagree. Appellant is bound under

N.J.R.E. 803(b)(3) by counsel's statements of her legal position. See also Howard Sav. Bank v. Liberty Mut. Ins. Co., 285 N.J. Super. 491, 497 (App. Div. 1995). We also reject the argument that the term "meetings" in the answer is ambiguous and could refer to Board meetings. The sentence refers directly to the allegations in the complaint; the only meeting referenced in the complaint was the one appellant attended on site with the candidate's employer and the subject of the ethical violation.

The Commissioner also noted that Lowell testified that appellant and Smallwood were not authorized to conduct a site visit; instead, the Board had directed the personnel committee to meet with the state monitor to discuss the hiring of an interim superintendent. The Commissioner determined that Lowell's uncontradicted testimony was supported by "[t]he fact that three other Board members confirmed to [Lowell] that they did not authorize respondents to conduct a site visit, and that the State Monitor did not object at the [Board] meeting" of March 18, 2014, when Lowell raised the site visit as an ethics violation.

Subsection (e) provides: "I will recognize that authority rests with the board of education and will make no personal promises nor take any private action that may compromise the board." Pursuant to N.J.A.C. 6A:28-6.4(a)(5): "Factual evidence of a violation of N.J.S.A. 18A:12-24.1(e) shall include evidence

that the [board member] made personal promises or took action beyond the scope of his or her duties such that, by its nature, had the potential to compromise the board."

In addressing the violation of N.J.S.A. 18A:12-24.1(e), the Commissioner found that "[b]oth the site visit and the email exchange had the potential to compromise the Board because they implied that respondents w[]ere acting on behalf of the Board when there was no authorization for a site visit or to communicate with the candidate about the position."

Appellant's allegation that the residuum rule was violated is unpersuasive. There is independent evidence from Smallwood's emails and appellant's pleading that she participated in the unauthorized site visit and resulting promise of employment.

We are also satisfied that appellant's contention that Lowell was not present at the March 18, 2014 Board meeting where Smallwood revealed the occurrence of the unauthorized site visit has no merit. The SEC determined that the Public Session minutes for the March 18 meeting, coupled with Lowell's testimony that she was present for the entire meeting, proved that "Lowell was present to hear Smallwood's account of the site visit, which she and [appellant] conducted." Appellant did not contradict Smallwood's statement at that meeting.

In her merits brief, appellant incidentally argued that the Commissioner appeared to suggest in a footnote to its decision that her failure to offer any evidence to contradict Lowell's testimony could permit the invocation of an adverse inference. Appellant contends this is an improper shifting of the burden of proof to her. After noting that Lowell's testimony was uncontradicted, the Commissioner's decision states in footnote six: "In administrative matters, the trier of fact is permitted to draw an adverse inference from the silence of a party who declines to testify. State Dep't of Law and Public Safety v. Merlino, 216 N.J. Super. 579 (App. Div. 1987), aff'd, 109 N.J. 134 (1988)."

In Merlino, several gamblers were placed on a list by the Casino Control Commission (CCC) that served to exclude them from the premises of any licensed gambling casino in New Jersey. During the hearing before the Administrative Law judge (ALJ), the gamblers invoked their Fifth Amendment privilege against self-incrimination. The ALJ did not draw an adverse inference as a result of the assertion of the privilege. In its decision on the administrative appeal, the CCC ruled that it was proper to draw an adverse inference from the gamblers' invocation of the Fifth Amendment in refusing to answer questions about their criminal associations.

11

In the appeal before this court, we considered the issue and noted that "[i]t is well settled that in administrative and civil proceedings, it is permissible for the trier of fact to draw adverse inferences from a party's plea of the Fifth Amendment." Id. at 587. However, we cautioned that "the inference may be drawn only if there is other evidence supporting an adverse finding; it must not alone constitute the evidence of guilt." Ibid. We also warned that an inference could not be drawn if the penalty to be imposed was "so severe as to effectively destroy the privilege, such as disbarment or the loss of professional reputation." Ibid.

Here, appellant did not invoke her Fifth Amendment privilege; rather she declined to present any witnesses or testimony on her behalf. This of course is appellant's prerogative. It does not result in a shifting of the burden of proof to her. Her choice of defense strategy likewise does not permit the drawing of an adverse inference against her. Despite the Commissioner's allusion to the viability of an adverse inference in the cited footnote, we are unable to discern, and appellant does not identify, anything in the respective decisions to suggest the invocation of an adverse inference or a shifting of the burden of proof. To the contrary, the Commissioner relied on ample other

A-1306-15T2

evidence as discussed, supra, in support of its determination to uphold the SEC's findings.[5]

We add only the following comment, although not asserted by appellant, that in light of the imposed penalty of censure, it would have been improper for the Commissioner to draw an adverse inference in this setting. A censure is "a formal expression of disapproval by the Commissioner which is publicized by the adoption of a formal resolution by the School Ethics Commission and the school official's district board of education . . . at a public meeting." N.J.A.C. 6A:28-1.2. Such a public penalty might reasonably be considered as threatening appellant with the risk of losing her professional reputation. In those circumstances, as we noted in Merlino, supra, 216 N.J. Super. at 587, the assertion of an adverse inference is not permissible. We again discern, as we did in our discussion of appellant's alleged

---

[5] The adverse inference charge enunciated in State v. Clawans, 38 N.J. 162 (1962) has fallen into disfavor with the Court in recent years. See State v. Hill, 199 N.J. 545, 566 (2009) ("It is difficult to foresee a situation where a Clawans charge might play a proper role in a case against a criminal defendant."). See also Washington v. Perez, 219 N.J. 338, 358-59 (2014) (In both civil and criminal trials, "the adverse inference charge should only be given if the party seeking it gives appropriate notice to the court and counsel, and the trial court, after carefully considering the four factors identified in Hill, determines that it is warranted.").

violations of the code, no indication in the record that appellant's decision to not present any evidence was considered in any respect in the assessment of the penalty.

In addressing appellant's argument that a censure was a penalty "disproportionately severe" to the violations, we remain mindful of our limited and deferential review.  In re Herrmann, 192 N.J. 19, 28 (2007).  A censure is one of the four penalties that the SEC is required to recommend upon a finding that the Code has been violated.  N.J.S.A. 18A:12-29(c).[6]  The Commissioner agreed with the SEC's finding that censure was consistent with the penalties imposed in previous cases involving a breach of N.J.S.A. 18A:12-24.1(c) and (e).  As the agency's action is in conformity with its delegated authority, we decline to overturn its decision.

The Commissioner's affirmance of the SEC's finding that appellant violated the Code is supported by the credible evidence in the record and is neither arbitrary nor capricious.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[6] The SEC may recommend a penalty of reprimand, censure, suspension, or removal from the Board.  N.J.S.A. 18A:12-29(c).