**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3108-23

DEPARTMENT OF
COMMUNITY AFFAIRS,
BUREAU OF HOUSING
INSPECTION,

     Petitioner-Respondent,

v.

FRANK BRIGHT,

     Respondent-Appellant.

_____

Submitted July 15, 2025 – Decided August 6, 2025

Before Judges Susswein and Vinci.

On appeal from the New Jersey Department of Community Affairs, Docket No. 200646/1214010986.

Frank Bright, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Charles A. Shadle, Deputy Attorney General, on the brief).

PER CURIAM

Frank Bright appeals from the April 24, 2024 final agency decision of the Department of Community Affairs (DCA) upholding a November 10, 2022 Commissioner's Notice of Statutory Violation and Order to Pay Penalty based on unabated code violations at his multiple dwelling property (Property) located on George Street in New Brunswick. DCA adopted the Initial Decision of the Administrative Law Judge (ALJ) who conducted the evidentiary hearing. After reviewing the record in light of the parties' arguments and governing legal principles, we affirm.

We discern the following pertinent facts and procedural history from the record. The Property is registered with the DCA Bureau of Housing Inspection (Bureau) under the Hotel and Multiple Dwelling Law (HMDL), N.J.S.A. 55:13A-1 to -31. On July 19, 2019, the Bureau inspected the Property. On July 25, the Bureau issued an Inspection Report and Orders of the Commissioner (Initial Notice) listing nineteen violations. The Initial Notice advised Bright that a reinspection would take place on or after September 23 and that Bright could request an extension of time to abate or contest the violations. Bright did not contest the Initial Notice or request an extension.

On November 10, 2022, the Bureau reinspected the Property and subsequently issued a Commissioner's Notice of Statutory Violation and Order

to Pay Penalty. The reinspection found that eight violations cited in the Initial Notice had not been abated, and therefore the Bureau issued a $525 penalty.

On November 18, Bright filed an administrative appeal. The Bureau transferred the matter to the Office of Administrative Law (OAL) as a contested case.

The ALJ convened the hearing on August 15, 2023. The Bureau presented testimony from Inspector Sean Daly and Senior Inspector Neil Costanzo. Bright cross-examined the Bureau's witnesses but did not testify or call any witnesses.

The Bureau presented several exhibits that were introduced into evidence, including photographs of the violations. Bright presented a single exhibit—an April 4, 2023 email with attachments.

The ALJ found the Bureau's witnesses to be credible. The ALJ further found that as of November 10, 2022, there were eight unabated violations. The ALJ concluded that there were no mitigating or aggravating circumstances presented and the penalties assessed by the Bureau complied with N.J.A.C. 5:10-1.17. The ALJ affirmed the $525 penalty and ordered the violations regarding the Property's interior be abated within thirty days of the decision and the exterior violations be abated within sixty days of the decision.

A-3108-23

On March 20, 2024, Bright submitted exceptions to the ALJ's Initial Decision. On April 24, the DCA issued a Final Agency Decision adopting the Initial Decision. This appeal followed.

Bright raises numerous contentions for our consideration, including that his due process rights were violated, DCA never proved that he owned the Property, inspectors who personally inspected the Property were not produced as witnesses, the DCA's witnesses were unreliable, DCA violated his civil rights by visiting the Property days before the hearing, discovery was not timely produced, the ALJ erred by not sequestering witnesses, the ALJ erred by conducting a private investigation, and the ALJ violated Bright's Fifth Amendment rights by requiring him to testify.

We begin our analysis by acknowledging the legal principles that govern this appeal. It is well established that "[a]ppellate courts have 'a limited role' in the review" of administrative agency decisions. In re Stallworth, 208 N.J. 182, 194 (App. Div. 2011) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980)). "In order to reverse an agency's judgment, an appellate court must find the agency's decision to be 'arbitrary, capricious, unreasonable, or not supported by substantial credible evidence in the record as a whole.'" Ibid. (alteration omitted) (quoting Henry, 81 N.J. at 579-80). To determine whether an agency's

action is arbitrary, capricious, or unreasonable, a reviewing court examines the following factors:  (1) "whether the agency's action violates express or implied legislative policies;" (2) "whether the record contains substantial evidence to support the findings on which the agency based its action;" and (3) "whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors."  Ibid. (quoting In re Carter, 191 N.J. 474, 482-83 (2007)).

Further, appellate courts must "give due regard to [an] agency's credibility findings."  Ardan v. Bd. of Rev., 444 N.J. Super. 576, 584 (App. Div. 2016); see also Parsells v. Bd. of Educ. of Borough of Somerville, Somerset County, 254 N.J. 152, 159 (2023).  We note that pursuant to N.J.A.C. 1:1-15.1(c), "[p]arties in contested cases shall not be bound by statutory or common law rules of evidence or any formally adopted in the New Jersey Rules of Evidence except as specifically provided in these rules."

Turning to substantive legal principles pertinent to this appeal, under the HMDL, DCA is authorized "[t]o enter and inspect, without prior notice, any hotel or multiple dwelling . . . and to make such investigation as is reasonably necessary."  N.J.S.A. 55:13A-6(b).  DCA is further authorized to establish, through regulations, a schedule for required inspections.  N.J.S.A. 55:13A-

A-3108-23

13(a). DCA Bureau inspectors are authorized to "enter upon and examine and inspect at all reasonable times any building, enclosure, or premises, or any part thereof . . . for the purpose of determining compliance with" the HMDL and its implementing regulations. N.J.A.C. 5:10-1.10(a).

With these general principles in mind, we first address Bright's contention that DCA failed to prove that he owned the Property. That argument is belied by tax records. We likewise reject Bright's related contention the ALJ impermissibly investigated the Property's ownership. Here, the New Brunswick Tax Assessors Office was the source of the information concerning ownership of the Property. Under N.J.A.C. 1:1-15.2(a), an ALJ may take official notice of judicially noticeable facts consistent with N.J.R.E. 201. N.J.R.E. 201(b)(3) provides that a court may judicially notice "specific facts and propositions of generalized knowledge which are capable of immediate determination by resort to sources whose accuracy cannot reasonably be questioned." We are satisfied that the information kept by the Tax Assessor's Office was reliable. Nor was it improper for the ALJ to consult that information when Bright refused to answer whether he owned the Property.

Relatedly, we are unpersuaded by Bright's contention that the ALJ violated his Fifth Amendment rights by "demanding" he testify. The ALJ during

the hearing asked Bright to confirm that he owned the Property shown in the photographs taken by Costanzo. Bright declined, citing the Fifth Amendment right against self-incrimination.

The Fifth Amendment provides in pertinent part, "[n]o person shall be . . . compelled in any criminal case to be a witness against [themselves]." U.S. Const. amend. V. Under New Jersey law, the privilege is codified at N.J.S.A. 2A:84A-19. That privilege extends to administrative proceedings. N.J.A.C. 1:1-15.4; see State, Dep't of Law & Pub. Safety, Div. of Gaming Enf't v. Merlino, 216 N.J. Super. 579, 587 (App. Div. 1987). However, "[p]rotection against self-incrimination 'applies only when the accused is compelled to make a testimonial communication that is incriminating.'" Borough of Franklin v. Smith, 466 N.J. Super. 487, 499 (App. Div. 2021) (quoting Fisher v. United States, 425 U.S. 391, 408 (1976)). The privilege "is not a blanket immunity" that allows an individual to refuse to answer all questions posed to them. Id. at 499-500. N.J.R.E. 502 makes clear, moreover, that a "matter will not be held to incriminate if it clearly appears that the witness has no reasonable cause to apprehend criminal prosecution." (Emphasis added).

Nothing in the administrative matter before us suggests that Bright reasonably apprehended that his answer would expose him to criminal

prosecution. And in any event, the record shows the ALJ did not compel him to answer, as Bright contends, which is demonstrated by the fact that when he refused, the ALJ simply proceeded with the hearing.

We next address Bright's contention his rights were violated when Costanzo visited the Property on August 11, 2023 to take photographs and to familiarize himself with the case in anticipation of his hearing testimony. Bright acknowledges that no additional violations were issued as a result of Costanzo's visit. Bright nonetheless claims the photographs that were taken were "being used to backdate alleged violations from years prior."

We see no impropriety in Costanzo visiting the Property in his capacity as a Senior Inspector. As we have noted, the governing statute and implementing regulation expressly authorize inspectors to enter upon and examine the property. See N.J.S.A. 55:13A-6(b); N.J.A.C. 5:10-1.10(a). We are unpersuaded that the ALJ improperly considered the photographs.

With respect to Bright's contentions regarding discovery, we see no impropriety by DCA having provided "packets of information" to the ALJ prior to the hearing. Nor are we persuaded that Bright is entitled to a new hearing or other relief on the grounds that discovery was not provided to him in a timely manner. It appears that at least some photographs were sent to Bright only days

8

before the administrative hearing. However, when discussing DCA's exhibits, the ALJ asked, "do you have any objection to any of these [e]exhibits?" Bright answered, "[n]o, no [be]cause it actually worked out in my favor." Further, Bright did not ask for a continuance. Nor does he explain in his initial or reply brief how he was prejudiced by untimely discovery. In these circumstances, we see no basis for appellate intervention.

Finally, we need only briefly address Bright's contention the ALJ erred by not sequestering the witnesses. Bright's reliance on N.J.R.E. 615 is misplaced. That rule states, "[a]t the request of a party or on the court's own motion, the court may, in accordance with law, enter an order sequestering the witnesses." N.J.R.E. 615. Our review of the record shows that Bright never requested that witnesses be sequestered.[1] In any event, as we have noted, N.J.A.C. 1:1-15.1(c) makes clear that "[p]arties in contested cases shall not be bound by statutory or common law rules of evidence or any formally adopted in the New Jersey Rules except as specifically provided in these rules." Under N.J.A.C. 1:1-15.8, witnesses are not required to be sequestered.

---

[1] We note that during his cross examination of Costanzo, Bright asked "[w]ere you in the room for . . . Daly's testimony?" Costanzo answered "[y]es."

A-3108-23

In sum, we are satisfied that the ALJ's Initial Decision and DCA's Final Agency Decision adopting the ALJ's findings with respect to the unabated violations and penalty assessment are supported by credible evidence in the record. To the extent we have not specifically addressed them, any remaining arguments made by Bright lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(D).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division